The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SUSAN PADDEN, a single woman,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF DES MOINES, a Washington Municipal Corporation, and MICHAEL MATTHIAS,<br><br>　　　　　　　　　　Defendants. | No. 2:20-cv-845-RSL<br><br>DEFENDANT MATTHIAS' MOTION FOR LEAVE TO WITHDRAW AND AMEND RESPONSES TO REQEUSTS FOR ADMISSION<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**Friday, October 16, 2020** |

## I.　　INTRODUCTION AND RELIEF REQUESTED

Mr. Matthias is an individual defendant sued by former City employee Sue Padden along with Defendant City of Des Moines. Due to an inadvertent administrative error, though responses to a set of Requests for Admission ("RFAs") directed to the Defendant City and a set of Requests for Production ("RFPs") directed to both defendants were served in a timely manner, a second set of Requests for Admission directed to individual Defendant Matthias were not.

As soon as defense counsel learned a second set of RFAs to Defendant Matthias had apparently been appended to an emailed document titled "Plaintiff's Requests for Admission to Defendant City of Des Moines," they promptly took steps to research and notify Plaintiff of the inadvertent error, request additional time, and prepare complete responses to 141 additional RFAs directed to Defendant Matthias. Defendant

DEFENDANT MATTHIAS' MOTION FOR LEAVE TO
WITHDRAW AND AMEND RESPONSES TO
REQEUSTS FOR ADMISSION - 1
2:20-cv-845-RSL

1002-01576/516533.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Michael Matthias respectfully requests the Court grant leave to withdraw and amend his responses to Requests for Admission served by Plaintiff.

## II.   STATEMENT OF FACTS

On September 16, 2020 at 5:30 p.m., Plaintiff's counsel emailed defense counsel correspondence concerning Requests for Admission directed to individual Defendant Michael Matthias, City Manager for Defendant City of Des Moines. *Freeman Decl.*, Ex. A. In the letter, Ms. Bosman's stated Plaintiff planned to file a motion for summary judgment in Plaintiff's favor against Defendant Matthias based on a failure to timely answer Requests for Admission directed to him. She also raised the issue of forcing a monetary settlement. Having never seen Requests for Admission propounded to separately to individual Defendant Matthias, defense counsel immediately researched the issue and discovered the indisputable circumstance of an administrative error that had occurred in August of 2020.

**A.   Misleading Discovery Documents and Inadvertent Administrative Error Led to Untimely Responses to Requests for Admission by an Individual Defendant in this Matter.**

By way of background, defense counsel's physical office has been closed and attorneys and staff alike have been working remotely due to COVID restrictions for the past several months. Defense counsel has advised Ms. Bosmans of that fact; the parties have an electronic service and have been utilizing this agreement to serve pleadings and discovery via email. *See, Dec. of Jayne L. Freeman.*

On June 16, 2020, defense counsel Freeman filed a Notice of Unavailability for the dates August 7-12, 2020 to attend graduation-related family activities. Dkt. No. 8. Nonetheless, on Monday, August 10, 2020, Plaintiff's counsel served Requests for Admission via email (and mail) on defense counsel. *Id*., Ex. D. Defense counsel's Legal Assistant requested a Word version of the Requests from Ms. Bosmans so that responses could be drafted. In response to that request, Ms. Bosmans emailed an MSWord document to her titled "Requests for Admission to Defendant City of Des Moines," which it appears

DEFENDANT MATTHIAS' MOTION FOR LEAVE TO WITHDRAW AND AMEND RESPONSES TO REQEUSTS FOR ADMISSION - 2
2:20-cv-845-RSL
1002-01576/516533.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

she saved on the firm's document management system (ProLaw) and emailed Ms. Freeman a copy . *Id., Ex. D.*

When Ms. Freeman first opened the document in MSWord format (on her phone as she was out of the (remote) office on vacation), the formatting was such that it was difficult to read or work with (only a few words per page, many pages blank), so she asked her Legal Assistant to reformat it to a more usable form for drafting responses and sharing with the clients. *Id., Ex. E.* She typically waits until she receives the MSWord version of a discovery request before reviewing the entire document to most efficiently make notes and draft responses and client questions onto the document then forwarding to the client for further processing. *Id*.

Ms. Freeman received an email message back from her Legal Assistant on August 11th that the MSWord document formatting received from Plaintiff's counsel was too difficult to correct so she had created a new version in MSWord format; emails reflect that she created a new document herself and sent a copy to Ms. Freeman to work with (PL Doc. No. 511310*). Id., Ex. F*. Ms. Freeman used that document to begin to draft responses and sent that document to the City clients with her notes to collaborate in preparing responses, and they continued to use that document and re-save it from there. *Id., Ex. G.* Defense counsel served "**Defendants'** Responses to Requests for Admission" on Plaintiff's counsel in a timely manner on September 9, 2020 (emphasis added). *Id*., Ex. H.

After researching this matter in light of Ms. Bosman's September 16th letter, Ms. Freeman discovered that the RFA document Ms. Padden sent apparently contained a both set of 31 RFA's to the City of Des Moines, and an additional set of 141 RFAs to individual Defendant Mr. Matthias appended onto the end of the same document, starting on the 28th page of the 107-page MSWord document. Ms. Freeman did not get that far in the document when she initially asked her Assistant to revise it the MSWord document into a usable format to read and prepare responses. *Id*.

DEFENDANT MATTHIAS' MOTION FOR LEAVE TO WITHDRAW AND AMEND RESPONSES TO REQEUSTS FOR ADMISSION - 3
2:20-cv-845-RSL
1002-01576/516533.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

Ms. Freeman discovered that when her legal assistant re-formatted the RFA document she apparently only saw and copied over the first set of 31 RFAs (to the City) into the draft, 13-page Word document she used for the Responses. *Id., Ex. G and H*. In Ms. Freeman's experience, it is not unusual for parties to address discovery requests to a City and/or "Defendants" interchangeably, so it appeared to her that Plaintiff was seeking responses to the 31 RFAs from both "Defendants" based on the cover letter referencing both Defendants but a single discovery document titled "Request for Admission to Defendant City of Des Moines."

Significantly, Ms. Bosmans chose to serve these extensive sets of RFAs (unknowingly combined into one document) on Ms. Freeman's office on August 10th when she was on vacation and had served a Notice of Unavailability upon her for the dates August 7-12, 2020 [Dkt. No. 8]. Ms. Freeman believes Ms. Bosmans also received an "out of office" reply when she sent emails and/or documents to her that week. Thus, Ms. Freeman was trying to briefly review the Word document via phone (as opposed to logging into the document management system on a computer) to evaluate the scope and get started to provide timely responses, despite being on vacation; as such, she did not realize the unreadable document, with huge blank spaces on and between pages, apparently actually extended to 107 pages when fully uploaded.

B.  **Defendant Promptly Sought to Remedy the Inadvertent Administrative Error and Provide Complete Responses to Plaintiff's Additional Requests to the Individual Defendant With No Prejudice to Plaintiff.**

Upon receiving notification that Plaintiff considered Defendant Matthias' Requests for Admission deemed "admitted" based on a failure to provide timely responses, Ms. Freeman immediately requested Ms. Bosmans reconsider her intended strategy of pursuing a motion for summary judgment against an individual and/or attempting to force a monetary settlement based on these RFAs, and allow additional time for Defendant Matthias to prepare informed responses to this second set of Requests for Admission.

DEFENDANT MATTHIAS' MOTION FOR LEAVE TO WITHDRAW AND AMEND RESPONSES TO REQEUSTS FOR ADMISSION - 4
2:20-cv-845-RSL
1002-01576/516533.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

*Freeman Decl., Ex. B*. She provided Plaintiff's counsel with legal authority supporting the request. Ms. Freeman advised Plaintiff's counsel that, had she realized at the time that Plaintiff served Defendants with a combined 172 Requests for Admission (in addition to 31 separate Requests for Production served on August 13, 2020), she most certainly would have requested additional time to complete the combined discovery responses. *Id*. Plaintiff declined to allow additional time for Defendant Matthias to provide complete responses. *Id., Ex. C.*

The parties conferred via a telephonic discovery conference on Wednesday, September 26, 2020. Ms. Bosmans rejected the request to reconsider, citing only that the civil rules only allow 30 days to respond to Requests for Admission so the Matthias RFAs were deemed admitted. *Id*. Trial in this matter is set for May 8, 2021. Dkt. No. 7. Initial Disclosures were exchanged in June 2020. Dkt. No. 9. No depositions or other discovery is pending. *Freeman Dec.*

### III.   ISSUE STATEMENT

Should the Court grant the Defendant's Motion to Withdraw and Amend Admissions when (1) there was clearly an administrative error; (2) one of the two sets that were apparently served, combined into the same document, the same day were timely answered and served; (3) Plaintiff's counsel was immediately aware the additional set of RFA responses was not timely served and said nothing; (4) Defendants timely served responses to a first set of RFAs that are largely duplicative of the second set; (5) the set of requests at issue contains 141 requests which would deprive Defendant from defending his case; and (6) there is no actual prejudice to Plaintiff?

### IV.   EVIDENCE RELIED UPON

Declaration of Jayne Freeman and exhibits thereto.

DEFENDANT MATTHIAS' MOTION FOR LEAVE TO WITHDRAW AND AMEND RESPONSES TO REQEUSTS FOR ADMISSION - 5
2:20-cv-845-RSL
1002-01576/516533.docx

Keating, Bucklin & McCormack, Inc., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## V. AUTHORITY & ARGUMENT

A district court's ruling on a motion to withdraw or amend an admission is reviewed for an abuse of discretion. *999 v. C.I.T. Corp.,* 776 F.2d 866, 869 (9th Cir.1985). Under Rule 36(a) of the Federal Rules of Civil Procedure, if a party fails to answer a request for admissions within 30 days, the requested items are deemed admitted. Any matter thus admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

FRCP 36(b) provides, in pertinent part:

> ... [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Two requirements, therefore, must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). Both requirements are satisfied here.

### A. Presentation on the Merits of the Case, as Opposed to Capitalizing on an Administrative Error, is Served by Allowing Defendant Matthias to Withdraw and Amend Purported "Admissions."

The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. *Id.* Plaintiff propounded 141 Requests for Admission to individual Defendant Matthias in addition to 31 RFAs to the defendant City and a set of RFPs directed to both Defendants. Denial of the request to withdraw the admissions would eliminate a determination on the merits as to Defendant Matthias. Therefore, the first prong of the test in Rule 36(b) is satisfied here because withdrawal of the admissions would certainly facilitate a presentation of the merits of this case.

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

**B.     Allowing Defendant Matthias to Provide Completed Responses to 141 Requests for Production Poses No Prejudice Whatsoever to Plaintiff.**

Second, the withdrawal would not result in prejudice to Plaintiff's case.  The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted. *Id., citing Brook Village N. Assocs. v. General Elec. Co.,* 686 F.2d 66, 70 (1st Cir.1982).  The party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case. *See FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir.1994).

Any "prejudice" argued by Plaintiff is one of inconvenience which does not satisfy the applicable threshold.  Cases finding prejudice to support a denial generally show a much higher level of reliance on the admissions. In *999 v. C.I.T. Corp.,* 776 F.2d 866 (9th Cir.1985), for example, C.I.T.'s motion for withdrawal of its admission was denied in part because the motion was not made until the *middle of trial* when 999 had nearly rested its case. The record revealed that 999 had relied heavily on the admission and had even shown the admission to the jury through an enlarged duplicate with no objection made by C.I.T. The court found sufficient prejudice to deny the motion to withdraw the admission.

Hadley, on the other hand, made his motion to withdraw prior to the Pretrial Conference, and the government's reliance on the deemed admissions was not at all comparable to the heavy reliance found in *999. See also, Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (holding that lack of discovery, without more does not constitute prejudice and that prejudice must relate to the difficulty a party may be in proving its case at trial); *see also Sonoda v. Cabrera*, 255 F.3d 1035, 1039-40 (9th Cir. 2001) (holding, without further analysis, that the district court did not abuse its discretion by granting the Rule 36(b) motion to withdraw deemed admissions because the motion was made before

DEFENDANT MATTHIAS' MOTION FOR LEAVE TO WITHDRAW AND AMEND RESPONSES TO REQEUSTS FOR ADMISSION - 7
2:20-cv-845-RSL
1002-01576/516533.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

trial and the nonmoving party would not have been hindered in presenting its evidence); *Hadley*, 45 F.3d at 1348 (focusing the prejudice inquiry on the unavailability of key witnesses and a sudden need to obtain evidence); *Raiser v. Utah County*, 409 F.3d 1243, 1247 (10th Cir. 2005) (finding no prejudice when the nonmoving party had relied on the deemed admissions for only a two-week period in preparing its summary judgment motion); *Perez v. Miami-Date Cnty*, 297 F.3d at 1255, 1268 (11th Cir. 2002) (concluding that no prejudice would result because the nonmoving party had been conducting discovery throughout the discovery period, the motion was made only six days after the deadline, and withdrawal would not create a "sudden need" to gather evidence); *In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000) (holding categorically that preparing a summary judgment motion by relying on admissions does not constitute prejudice); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (same); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966) (holding that there was no prejudice when the trial date would not be delayed).

Decisions within the United States District Court Western District of Washington are in accord. *See e.g. Wu v. Home Depot U.S.A., Inc*. 2014 WL 12102179 (W.D. Wash. 2014); *Krueger v. Renihan* 2020 WL 818739 (W.D. Wash. Feb. 19, 2020).

There is no prejudice to Plaintiff here. No depositions have been taken, no motions have been filed and the trial date is eight months away. Dkt. 10. Defendants filed an Answer to Plaintiff's Complaint on June 9 [Dkt. No. 5], produced Initial Disclosures to Plaintiff on July 13th, responses to Plaintiff's Requests for Admission to Defendant City of Des Moines on September 9th and responses to Plaintiff's Requests for Production on September 16th. Defendant Matthias anticipates having Responses to the 141 separate Requests for Admission ready to serve on Plaintiff long before Plaintiff's Response to this Motion will be due.[1]

---

[1] Defendants proceeded with filing this Motion the day before the RFA responses were finalized for service to avoid any further delay to secure a three-Friday noting date.

DEFENDANT MATTHIAS' MOTION FOR LEAVE TO
WITHDRAW AND AMEND RESPONSES TO
REQEUSTS FOR ADMISSION - 8
2:20-cv-845-RSL
1002-01576/516533.docx

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

## VI. CONCLUSION

Based on the foregoing, Defendant Matthias respectfully requests the Court grant his Motion to Withdraw Admissions.

DATED: October 1, 2020

                                      KEATING, BUCKLIN & McCORMACK, INC., P.S.

                              By: */s/ Jayne Freeman*
                                   Amanda Butler, WSBA #40473
                                   Jayne L. Freeman, WSBA #24318
                            *Attorneys for Defendants*

                            801 Second Avenue, Suite 1210
                            Seattle, WA  98104
                            Phone: (206) 623-8861
                            Fax:    (206) 223-9423
                            Email: abutler@kbmlawyers.com
                            Email: jfreeman@kbmlawyers.com

DEFENDANT MATTHIAS' MOTION FOR LEAVE TO WITHDRAW AND AMEND RESPONSES TO REQEUSTS FOR ADMISSION - 9
2:20-cv-845-RSL
1002-01576/516533.docx

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**
Eric T. Krening, WSBA #27533
LAW OFFICE OF ERIC T. KRENING
535 Dock Street, Suite 108
Tacoma, WA  98402
Phone:  (208) 948-9484
Facsimile:  (253)  572-2223
Email:  kreninglaw@gmail.com

**Attorneys for Plaintiff**
Patricia Bosmans, WSBA #9148
THE LAW OFFICE OF P. BOSMANS
1067 25th Street Place SE
Puyallup, WA  98372
Phone:  (253) 230-4737
Facsimile:  (888) 235-6120
Email:  pbosmans_law@outlook.com

DATED:  October 1, 2020

By: /s/ Jayne L. Freeman
Jayne L. Freeman, WSBA #24318
*Attorney for Defendants*

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: abutler@kbmlawyers.com
Email: jfreeman@kbmlawyers.com

DEFENDANT MATTHIAS' MOTION FOR LEAVE TO WITHDRAW AND AMEND RESPONSES TO REQEUSTS FOR ADMISSION - 10
2:20-cv-845-RSL

1002-01576/516533.docx

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423