UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN PADDEN,

        Plaintiff,

    v.

CITY OF DES MOINES, *et al.*,

        Defendants.

Cause No. C20-0845RSL

ORDER DENYING MOTION TO COMPEL AND EXTENDING DISCOVERY DEADLINE

    This matter comes before the Court on "Defendant City of Des Moines' Motion to Compel Discovery Responses." Dkt. # 19. Defendants served Requests for Production on plaintiff on November 4, 2020, to which plaintiff timely responded. During plaintiff's deposition on December 17, 2020, defendants learned that plaintiff had not searched her various email accounts for responsive information and that she had not taken steps to alter the automatic-purge settings on her accounts or to otherwise preserve communications regarding the events giving rise to her claims. Plaintiff had also withheld copies of declarations she had obtained from persons with information regarding defendants' conduct and/or her claims, but had not provided a privilege log identifying those declarations.

    At the end of the deposition, defense counsel requested a conference regarding the sufficiency of plaintiff's document search, concerns regarding spoliation, and the lack of a

ORDER DENYING MOTION TO COMPEL
AND EXTENDING DISCOVERY DEADLINE - 1

privilege log. Plaintiff's counsel agreed that a search of emails and texts was necessary and promised that it would be undertaken. Dkt. # 21-1 at 3-4. Defense counsel wondered aloud what could be found or recovered given plaintiff's failure to take steps to preserve communications from the relevant period. Dkt. # 21-1 at 5-7. With regards to the witness declarations, plaintiff's counsel asserted that they had been lined up for use at summary judgment and that she would not produce them in discovery. Dkt. # 21-1 at 6. At that point, after reiterating her concerns about spoliation and the upcoming discovery cutoff, defense counsel expressed confusion about next steps, ultimately deciding that she had to immediately file a motion to compel "because of the deadlines, and in the meantime if we do – obviously if this problem gets, you know, completely resolved . . . we can discuss whether it's necessary to go forward, but I've got to file it." Dkt. # 21-1 at 7.

      Defendants filed this motion to compel the night of plaintiff's deposition. Defendants seek an order compelling plaintiff to conduct a forensic examination of her electronic devices, request an award of expenses incurred in bringing the motion, and argue that, if plaintiff's electronic communications cannot be recovered and produced, the Court make a finding of spoliation. At approximately the same time, plaintiff engaged a computer service to download her email and social media information. Plaintiff has made rolling productions since the date of her deposition, has indicated that she will continue to do so if more documents are found, has produced a privilege log that is updated as documents are produced, and has turned over the witness declarations discussed during the meet and confer.

      Having reviewed the memoranda, declarations, and exhibits submitted by the parties, including plaintiff's belated response and her sur-reply, the Court finds as follows:

ORDER DENYING MOTION TO COMPEL
AND EXTENDING DISCOVERY DEADLINE - 2

The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the rules would not only have involved a discussion of the perceived shortcomings in plaintiff's production and the potential for compromise, but also a reasonable amount of time to perform the promised searches, create the requested privilege log, and make supplemental productions. Plaintiff had expressed a willingness to work toward remedying the deficiencies about which defendants complained immediately following plaintiff's deposition, but the scope and success of her efforts were entirely unknown when defendants unilaterally exited the conversation and filed this motion to compel.

The record shows that further progress without judicial intervention was possible, if not probable. While defendants felt that they had to file their motion to compel on December 17th (the last day to file a contested discovery motion under the governing case management order), they simply traded one rules violation for another, preferring to short-circuit the meet and confer process rather than file an untimely motion. A violation was not unavoidable, however. Defendants could have served and/or followed up on their written discovery requests earlier, the parties could have stipulated to an extension of the discovery deadline to allow plaintiff to perform the promised searches and supplement her production, or the parties could have agreed to make a joint submission under LCR 37(a)(2) on or before January 1, 2021.

The precipitous filing of the motion to compel resulted in the presentation of evolving facts and new objections/responses throughout the briefing of this matter. The dispute was

ORDER DENYING MOTION TO COMPEL
AND EXTENDING DISCOVERY DEADLINE - 3

clearly not ripe for judicial intervention when the motion was filed, and it remains unclear what, if any, documents have not been produced or are no longer available.

For all of the foregoing reasons, the motion to compel is denied for failure to comply with Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1). The denial is without prejudice. Because plaintiff's production is on-going, the discovery deadline is hereby extended to February 2, 2021.

Dated this 26th day of January, 2021.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO COMPEL
AND EXTENDING DISCOVERY DEADLINE - 4